UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES LEE BURNS and MANDY N. BURNS, husband and wife, PAINLESS STEEL – EVERETT, LLC, a Washington Corporation, and LACEY M. FILOSA, a single person and assignee,

Plaintiffs,

v.

SCOTTSDALE INSURANCE COMPANY, a foreign insurance company,

Defendant.

NO. C08-1136RSL

ORDER DENYING MOTION FOR PROTECTIVE ORDER

## I. INTRODUCTION

This matter comes before the Court on "Plaintiff Filosa's Motion for Protective Order," Dkt. #22. Plaintiff Lacey M. Filosa requests that the Court block defendant's discovery of her healthcare and medical treatment records, contending that defendant is attempting to re-litigate a final judgment previously entered in Snohomish County Superior Court. Defendant counters that it is not bound by that judgment. For the reasons set forth below, the Court denies plaintiff's motion.

## II. DISCUSSION

**A. Background**

After having her tongue pierced at Painless Steel – Everett, LLC in March 2006, plaintiff Filosa developed an aggressive bacterial infection resulting in significant injuries. Plaintiff was

ORDER DENYING MOTION FOR
PROTECTIVE ORDER - 1

1  hospitalized and underwent several surgeries. See Dkt. #26, Ex. D. She sued Painless Steel in
2  Snohomish County Superior Court, later naming its owners James and Mandy Burns as
3  additional defendants. The Burnses contacted Scottsdale Insurance Company ("Scottsdale"),
4  notifying it of the lawsuit and requesting that Scottsdale defend them, but Scottsdale denied
5  coverage and refused Ms. Filosa's policy limits demand. See Dkt. # 23, Ex. 1. After receiving
6  notice of the Second Amended Complaint made against the Burnses, an attorney at Selman
7  Breitman wrote to plaintiffs' counsel to reiterate Scottsdale's position "that it owes no duty to
8  defend or indemnify, and will not defend or indemnify" the Burnses "with regard to the subject
9  suit." Id. at 5. On March 17, 2008, Ms. Filosa settled her claims against the Burnses for $3
10 million. See Dkt. #23, Ex. 2 at 3. The Burnses assigned their rights against Scottsdale to Ms.
11 Filosa in return for a covenant not to execute the judgment against them. Id. at 4-5. After
12 conducting an evidentiary hearing on April 11, 2008, the Snohomish County Superior Court
13 entered "Findings of Fact and Conclusions of Law"declaring the settlement to be reasonable as a
14 measure of the Burns' liability to Ms. Filosa. Dkt. #23, Ex. 3. Neither Scottsdale nor its
15 counsel appeared at the reasonableness hearing or responded to the proposed settlement.
16     Plaintiffs have now brought an insurance bad faith action against defendant Scottsdale in
17 this court. After defendant subpoenaed plaintiff Filosa's medical records, she filed the present
18 motion seeking to block defendant's discovery.

19 **B. Analysis**

20     The Court has discretion to issue a protective order "forbidding inquiry into certain
21 matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P.
22 26(c)(1)(D). Plaintiff contends that defendant's investigation into her medical records is an
23 unlawful attempt to re-litigate the issues decided by the Snohomish County Superior Court. "It
24 is well established that where an insurer has a duty to defend an action and the insurer refuses to
25 defend, the insurer is bound by the decision of the trier of fact regarding issues necessarily
26 decided in the litigation." Truck Ins. Exch. v. VanPort Homes, Inc., 58 P.3d 276, 281 (Wa.

1  2002).  Defendant asserts two reasons why it is not bound by the reasonableness determination:
2  (1) it did not receive actual notice of the hearing, and (2) the parties to the settlement procured
3  the judgment by fraud and collusion.

4  Defendant's first contention fails.  In 2007, defendant hired Selman Breitman as coverage
5  counsel to analyze coverage issues and respond to plaintiff's policy limits demand.  Selman
6  Breitman communicated defendant's coverage position and reasoning to plaintiffs' counsel.
7  Defendant asserts that it instructed the law firm to close its file on January 10, 2008.  In April
8  2008, plaintiff sent notice of the pending reasonableness hearing to Selman Breitman, but a
9  lawyer at the firm mistakenly thought the hearing had already taken place and did not forward
10 the notice to defendant until several weeks later, after the reasonableness determination had been
11 entered.

12 The Court has no reason to doubt that defendant was not represented by Selman Breitman
13 when the firm received notice of the reasonableness hearing.  However, even though the law
14 firm may not have had actual authority to receive notice on defendant's behalf, it had apparent
15 authority to do so.  "A finding of apparent authority requires that the principal hold out the
16 apparent agent as its agent, or act in a way to indicate that the apparent agent is its agent in fact."
17 Northwestern Nat'l Ins. Co. v. Fed. Intermediate Credit Bank of Spokane, 839 F.2d 1366, 1368
18 (9th Cir. 1988) (citing J.&J. Food Centers v. Selig, 456 P.2d 691, 694 (Wa. 1969)).  After
19 communicating directly first with Mr. Burns, see Dkt. #23, Ex. 1 at 1, and then with plaintiff's
20 counsel, see id. at 3, defendant retained Selman Breitman to reiterate and explain its coverage
21 position.  The law firm sent letters to plaintiffs' counsel "advis[ing] that this office has been
22 retained as coverage counsel for Scottsdale Insurance Company ("Scottsdale") with respect to
23 the above referenced matter," referring to the case of "*Filosa v. Painless Steel – Everest* [sic]
24 *LLC, etc., et al*," id. at 5.  The firm explained in great detail defendant's coverage analysis, Dkt.
25 #26, Ex.R-12, and instructed plaintiffs to direct "any questions or concerns about anything stated
26 in this letter or regarding Scottsdale's coverage position" to its office, id. at 19.  Plaintiff

27
28 ORDER DENYING MOTION FOR
   PROTECTIVE ORDER - 3

reasonably believed that all subsequent communications should be addressed to the attorney as defendant's representative with respect to the underlying case. The fact that no attorney from that firm was licensed in Washington and could not appear at the hearing without filing a *pro hac vice* application bears no relation to whether the firm had apparent authority to receive notice of the hearing; defendant's ability to act on that notice is irrelevant to the Court's inquiry. Nor does defendant's citation to RCW 48.05.200 advance its cause. Washington law instructs that "[s]ervice of legal process against [a foreign] insurer can be had only by service upon the [Washington State insurance] commissioner." RCW 48.05.200. Here, no complaint was filed "against" defendant; defendant was not even a named party or intervenor in the case. Instead, plaintiffs forwarded notice of a reasonableness hearing to defendant's apparent representative. If Selman Breitman mistakenly failed to inform defendant of the hearing, defendant cannot seek recourse here.[1]

Moreover, although an insurer is only bound by the findings entered in an action against the insured "when it has notice and an opportunity to intervene in the underlying action against the tortfeasor," Fisher v. Allstate Ins. Co., 961 P.2d 350, 353 (Wa. 1998), notice of the settlement itself is not required, id. at 356. "This is because the possibility of settlement or arbitration is implicit in the context of litigation." Id.; cf. id. at 357 (Alexander, J., dissenting) ("While I agree that the possibility of a settlement is always implicit in litigation, the same cannot be said about arbitration."). Here, defendant knew of the underlying litigation but chose not to monitor or intervene in that litigation. Therefore defendant had notice of a potential determination of the Burns' liability which "might be crucial to [its] liability" in a subsequent

---

[1] Defendant filed a motion for leave to file a surreply, Dkt. #33, seeking to clarify that plaintiff was not precluded from directly contacting defendant and that Selman Breitman resumed representation of defendant only after the reasonableness hearing. Because the surreply is not limited to a request to strike material in the reply brief in accordance with Local Rule 7(g)(2), the Court denies the motion. In any event, even assuming defendant's contentions in the surreply are true, they have no bearing on the outcome of the present motion.

ORDER DENYING MOTION FOR
PROTECTIVE ORDER - 4

action, id. at 356.[2]

Defendant fares better, however, on its fraud and collusion argument. The settlement approved by the Snohomish County Superior Court as reasonable is presumed to be reasonable in subsequent litigation, but "such presumption may be overcome by the insurer upon a showing that the settlement[] [was] the product of fraud or collusion." VanPort Homes, 58 P.3d at 279; see also id. at 284 ("We therefore hold that when an insurer wrongfully refuses to defend, it has voluntarily forfeited its ability to protect itself against an unfavorable settlement, unless the settlement is the product of fraud or collusion."); Mut. of Enumclaw Ins. Co. v. T & G Constr., Inc., No. 80420-6, 2008 WL 4670256, at *1 ("We hold that if a coverage question turns upon the same facts or law at issue in the underlying dispute between the claimant and the insured, the insurer will be bound by the results of a trial or settlement judicially approved as reasonable, absent a showing of collusion or fraud."); Besel v. Viking Ins. Co. of Wisconsin, 49 P.3d 887, 892 (Wa. 2002) ("Once the court determined the covenant judgment was reasonable, the burden shifted to [the defendant] to show the settlement was the product of fraud or collusion."). At this stage in the case, the Court is not called upon to determine the merits of defendant's fraud and collusion theory. It suffices for now that defendant is not precluded from investigating that theory through discovery.[3]

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion for protective order (Dkt. #22) is DENIED.

---

[2] On December 23, 2008, the Snohomish County Superior Court issued an order denying defendant's motions to intervene in and to vacate that court's Reasonableness Order of April 11, 2008. See Dkt. #47 at Ex. A. The Superior Court similarly concluded that "notice of the reasonableness hearing was properly given to counsel for Scottsdale, who had apparent authority to receive such notice." Id. at 5.

[3] Although the Superior Court found no fraud upon assessing the merits of defendant's motion to intervene in the state court case, see Dkt. # 47, Ex. A at 8, the Court finds it is not appropriate to foreclose defendant's inquiry into this potential defense at the discovery stage of this subsequent litigation.

ORDER DENYING MOTION FOR
PROTECTIVE ORDER - 5

DATED this 7th day of January, 2009.

                                                 /s/ Robert S. Lasnik

                                                 Robert S. Lasnik
                                                 United States District Judge

ORDER DENYING MOTION FOR
PROTECTIVE ORDER - 6