UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES LEE BURNS, *et al.*,

Plaintiffs,

v.

SCOTTSDALE INSURANCE COMPANY,

Defendant.

Case No. C08-1136RSL

ORDER DENYING MOTION
FOR VOLUNTARY DISMISSAL
OR TO AMEND

This matter comes before the Court on a motion for voluntary dismissal filed by three of the plaintiffs, James Lee Burns, Mandy N. Burns, and Painless Steel–Everett, LLC (collectively, the "insureds"). The insureds seek to dismiss their claims without prejudice.

After plaintiff Lacey Filosa suffered an injury allegedly caused by the insureds, defendant denied covered to the insureds. Filosa entered into a settlement agreement with the insureds, and they assigned some of their rights, privileges, claims and causes of action against defendant to her. Filosa asserts a claim against defendant for an alleged violation of the Insurance Fair Conduct Act, RCW 48.30.015 and of the Consumer Protection Act, RCW 19.86 *et seq.*

The insureds seek relief pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides that after defendant has answered the complaint, "an action may be dismissed at the

ORDER DENYING MOTION FOR
VOLUNTARY DISMISSAL OR TO AMEND - 1

plaintiff's request only by court order, on terms that the court considers proper."[1]  "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996) (internal citations omitted).  The Court must also consider whether the insureds are necessary parties under Federal Rule of Civil Procedure 19, which governs compulsory joinder:

**(a) Persons Required to Be Joined if Feasible.**
  **(1)** *Required Party*.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
    **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
    **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
      **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
      **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The insureds are required parties under both 19(a)(1)(A) and 19(a)(1)(B).  This is an action for a declaratory judgment involving the interpretation of the insureds' insurance contract. Declaratory relief would be incomplete without both the insurer and the insured.  See, e.g., Aetna Cas. & Sur. Co. v. Rasa Mgmt. Co. Inc., 621 F. Supp. 892, 893 (D. Nev. 1985) (explaining, "In an action by a liability insurer for a declaratory judgment to determine the insurer's liability to an insured party, the insured is, of course, a necessary and indispensable party").  The fact that the insurer did not institute this action does not change the analysis. Rather, both the insureds and Filosa are seeking the same relief – a declaratory judgment to determine the insurer's liability to the insureds.

The insureds have an interest in this matter.  Although the insureds assigned some of their potential claims against defendant to Filosa, they did not assign them all.  The insureds explicitly

---

[1] Although plaintiffs also styled their motion as a motion to amend, it is more appropriately considered as a motion for voluntary dismissal because some of the plaintiffs are seeking to be dismissed.

ORDER DENYING MOTION FOR
VOLUNTARY DISMISSAL OR TO AMEND - 2

reserved claims for damages for their attorney's fees, "personal damages to credit or reputation and other personal non-economic damages which arise from the assigned causes of action." Declaration of Emily Harris Gant (Dkt. #39), Ex. 3. If the Court were to find that the policy did not cover the injury to Filosa, that finding would "impair or impede" the Burnses' ability to protect their interest.

The insureds argue that there is no risk of inconsistent results because they have potential claims against defendant for failure to defend, and Filosa has a claim for failure to indemnify. However, Filosa could also assert a claim for failure to defend. She has explicitly refused to disavow that claim.[2] Therefore, defendant could be forced to litigate that issue twice. Moreover, the issues are inextricably intertwined.

The insureds would like to avoid the expense of litigating this case themselves, then if Filosa is successful, use *res judicata* against defendant. However, their desire to avoid the expense of litigation does not negate the purpose of Rule 19. Moreover, if defendant were to prevail in this case, the insureds could still argue that they are not bound by any judgment because they were not parties. Defendant would then be forced to incur the expense, burden, and uncertainty of re-litigating the case or trying to prove that collateral estoppel or *res judicata* applies. That is the prejudice that Rule 19 and Rule 41(a)(2) are designed to avoid.

Finally, defendant requests that the Court dismiss the insureds' claims with prejudice. However, this is not a case where required parties cannot be joined. Although defendant is concerned that the insureds will not comply with their discovery obligations, they, as parties, will be required to do so. Also, any adjudication on the merits would be premature. Therefore,

---

[2] Defendant filed a letter and proposed stipulation noting that plaintiffs' reply suggested that plaintiffs were contending that Filosa only had rights to assert a claim based on the duty to indemnify, and the insureds only retained rights related to the duty to defend. The letter stated that if that were so, defendant would stipulate to a dismissal without prejudice. Plaintiffs refused to limit their claims as proposed. Despite plaintiffs' contentions to the contrary, defendant did not file the stipulation to show a purported agreement. Rather, the letter made clear that it was a proposal to agree.

ORDER DENYING MOTION FOR
VOLUNTARY DISMISSAL OR TO AMEND - 3

the Court will not dismiss the insureds' claims.

Accordingly, the insureds' motion for voluntary dismissal (Dkt. #30) is DENIED.

DATED this 7th day of January, 2009.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
VOLUNTARY DISMISSAL OR TO AMEND - 4